UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESLIE KNIGHTEN and
MARILYN SUE KNIGHTEN'S
ESTATE,

       Plaintiffs,

v.                               Case No. 3:18cv2043-RV-CJK

STATE OF FLORIDA, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 1). Upon review of the complaint, it is evident the facts as presented fail to support a viable claim for relief. It likewise is clear plaintiffs cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted

even if the plaintiff never seeks leave to amend.") (quotation omitted).   The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs have sued 7 defendants – the State of Florida, by and through Governor Rick Scott; the Catholic Church and/or Catholic Diocese; Henry Stovall, President of Sacred Heart Hospital; Sacred Heart Hospital Board of Directors; Peter A. Bercz, M.D.; Ronnie D. Wiles, M.D.; and Susan Davis, CEO of Sacred Heart Health Systems.  Plaintiffs' claims, asserted under 42 U.S.C. § 1983, stem from the death of plaintiff Knighten's wife, Marilyn Sue Knighten.

In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id*. at 1303.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations

omitted).  Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

As set forth above, plaintiff has named 7 defendants in this matter.  Six of them are either private individuals or private entities, none of which can be held liable under § 1983.  Moreover, the State of Florida is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989). In any event, plaintiff's claims against the State of Florida and Governor Scott are barred by sovereign immunity.   Indeed, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment is an absolute bar to an individual's suit for monetary damages against a state or its agencies, or against a state officer in his official capacity.  *Id.* at 66.

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Here, it is evident plaintiffs have wholly failed to allege facts showing they are entitled to relief under § 1983. It also is apparent plaintiffs cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully RECOMMENDED:

1.     That plaintiffs' complaint (doc. 1) be DISMISSED WITH PREJUDICE

for failure to state a claim upon which relief may be granted.

2.     That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of September, 2018.


                                   /s/ *Charles J. Kahn, Jr.*
                                   **CHARLES J. KAHN, JR.**
                                   **UNITED STATES MAGISTRATE JUDGE**




### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**



Case No. 3:18cv2043-RV-CJK